J-S47039-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
:
DOUGLAS EDWARD PINDER, JR., :
:
Appellee : No. 129 MDA 2015

Appeal from the Order Entered December 17, 2014,
in the Court of Common Pleas of York County,
Criminal Division, at No.: CP-67-CR-0006167-2013

BEFORE:    ALLEN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 14, 2015**

The Commonwealth of Pennsylvania (Commonwealth) appeals from
the December 17, 2014 order dismissing all charges against Douglas Edward
Pinder, Jr., (Pinder).[1]   Upon review, we vacate the order and remand for
further proceedings.

Pinder was charged with multiple violations of the Motor Vehicle Code,
including driving under the influence, following an incident that occurred on
August 3, 2013.  On December 15, 2014, Pinder appeared before the trial
court to address a bench warrant.  At that time, Pinder's counsel presented
the court with a motion to dismiss based upon the Commonwealth's alleged

---

[1] Pinder has not filed a brief in this matter.

*Retired Senior Judge assigned to the Superior Court.

violation of Pa.R.Crim.P. 600.[2]  N.T., 12/15/2014, at 5.  The Commonwealth responded that it was not prepared to address the motion at that time.  ***Id.*** at 6.  The trial court explained that it would not "make [the Commonwealth] defend something that [it] just received" and that the court would "deal with the [Rule 600] issue … at a later date."  ***Id.*** at 6, 9.  Nevertheless, on December 17, 2014, the trial court issued an order dismissing all charges against Pinder for the Commonwealth's violation of Pinder's speedy trial rights.

The Commonwealth timely filed a notice of appeal.  The trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and one was filed.  The trial court then filed its Rule 1925(a) opinion.

The Commonwealth presents two issues on appeal, which can be reduced to one:  whether the trial court erred in granting Pinder's motion to dismiss without conducting an evidentiary hearing.  Commonwealth's Brief at 5.

Rule 600 sets forth various time frames within which a defendant must be brought to trial.  Pa.R.Crim.P. 600(A)(2).  The rule further provides, in relevant part, as follows:

---

[2] Pinder's counsel stated that he delivered the motion to the Commonwealth that morning.  N.T., 12/15/2014, at 9.

> When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. **The judge shall conduct a hearing on the motion.**

Pa.R.Crim.P. 600(D)(1) (emphasis added).

The Commonwealth argues that, pursuant to the above rule, the trial court was required to hold a hearing on Pinder's motion. The Commonwealth further contends that in failing to do so, the court deprived the Commonwealth of its opportunity to review and respond to the motion and to create a record on the underlying issue of whether Rule 600 was violated. In its 1925(a) opinion, the trial court conceded its error:

> Inexplicably, on December 17, 2014, the court granted [Pinder's] motion to dismiss without conducting any further colloquies on the matter. Therefore, the [Commonwealth] was denied the opportunity to review [Pinder's] motion, investigate the claims raised, and build a record upon which the [Commonwealth] could base a defense. The court is cognizant of this error and respectfully requests that its order dismissing criminal charges be nullified.

Trial Court Opinion, 3/18/2015, at 3.

We agree that the trial court erred in failing to conduct a hearing on Pinder's motion. Accordingly, we vacate the December 17, 2014 order and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2015